## AFFIDAVIT

I, Bryan McIntyre, a Special Agent with the Federal Bureau of Investigation (FBI) being duly sworn, state as follows:

## INTRODUCTION

1. I, Bryan McIntyre hereafter referred to as Affiant, am a Special Agent (SA) of the Federal Bureau of Investigation (FBI). I am an Investigative or Law Enforcement Officer of the United States within the meaning of Title 18, *United States Code*, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, *United States Code*, Section 2516(1). I am also within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. I have been employed as a Special Agent with the FBI since August 2016. Prior to my employment with the FBI, I was employed as a Police Officer and Detective with the City of Florence Police Department in Alabama from 2005 to 2016. I am currently assigned to the FBI San Juan Division where I am tasked with conducting criminal enterprise investigations. I have been involved in a wide variety of investigative matters, including investigations targeting large criminal enterprises, and investigations involving the unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the course of these investigations, I have reviewed Title III wire intercept affidavits, coordinated the execution of search and arrest warrants, conducted physical surveillance, participated in controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and communicated with other local and federal law enforcement officers regarding the manner in

which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. Through my training and experience I have become familiar with the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits. In addition, I have also monitored and debriefed confidential sources, sources of information, and interviewed persons charged with and convicted of felony offenses.

3. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or have obtained information, which they in turn have reported to me.

4. Because of the limited purpose of this affidavit, I have not included every fact known to me as a result of this investigation. The information contained in this affidavit is for the limited purpose of establishing probable cause for the violations listed on the attached criminal complaint and therefore does not include all of the facts of this investigation.

5. For the reasons set forth below, I respectfully submit that there is probable cause to believe that the individuals mentioned below have violated Title 46, *United States Code*, Sections 70502, 70503, and 70506; that is, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States.

**FACTS AND CIRCUMSTANCES**

6. While on routine patrol on 1 September 2019, United States Coast Guard (USCG) Cutter (CGC) LEGARE sighted a target of interest approximately 16NM South of Guanica, Puerto Rico travelling northbound at approximately 12kts. CGC LEGARE launched their over-the-

horizon (OTH) vessel, which quickly arrived on scene in international waters with a compliant 23FT Puerto Rican registered center console with 02 subjects on board (POB).

7. During the subsequent law enforcement boarding of the 23FT vessel, the USCG Boarding Team located 52 packages with packaging and appearance consistent with narcotics. Crew Members of the CGC LEGARE conducted 02 Narcotics Identification Kit (NIK) tests on the suspected narcotics, which yielded positive results for amphetamine and cocaine. CGC LEGARE took custody of all the drug packages and the 02 POB as detainees, and remained in positive control of the suspect vessel. The approximate weight of the drugs located on the 23FT vessel was 52 kilograms.

8. The persons on board the 23FT vessel were later identified as: [1] Edwin Joel VARGAS-FRANQUI, and [2] Misael M. RIVERA-GERENA.

9. On September 4, 2019, in the vicinity of Mayaguez, Puerto Rico, the USCG transferred custody of [1] Edwin Joel VARGAS-FRANQUI and [2] Misael M. RIVERA-GERENA and an approximately (02) two kilogram sample of the recovered narcotics to the FBI San Juan Caribbean Corridor Strike Force (CCSF). Due to current imminent weather conditions in the Caribbean, the remainder of the narcotics are still in custody of the USCG on CGC LEGARE.

10. Based upon my training, experience, and participation in this investigation, I submit that there is probable cause to show that [1] Edwin Joel VARGAS-FRANQUI and [2] Misael M. RIVERA-GERENA committed a violation of a federal law; that is, Title 46, *United States Code*, Sections 70502(c)(1)(C), 70503(a)(1), and 70506(a) & (b), Conspiracy to Possess with Intent to Distribute five (5) kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Bryan McIntyre
Special Agent
Federal Bureau of Investigation (FBI)

Subscribed and sworn before me, in San Juan, Puerto Rico, on this 4th day of Septmeber 2019.

_____
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO